UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MICHAEL A. JOSEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:20-cv-11956-PBS |
| | ) | |
| COMMONWEALTH OF MASSACHUSETTS, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO DISMISS**

This Complaint is the third time in which *pro se* Plaintiff Michael A. Josey has tried to assert a cause of action against Defendant Commonwealth of Massachusetts ("Commonwealth") for an alleged deprivation of his civil rights and an alleged wrongful conviction for arson pursuant to G.L. c. 258D, the state's erroneous conviction civil compensation law.  As Plaintiff acknowledges in his Complaint, he previously filed a civil action against the Commonwealth in Suffolk Superior Court, Civil Action No. 2084CV00388 ("2020 State Court Action"), attempting to assert those same claims.  Those claims were dismissed after the Commonwealth filed a Motion to Dismiss.  More than a decade ago, in 2010, Plaintiff filed a civil action against the Commonwealth in Suffolk Superior Court, Civil Action No. 1084CV00977 ("2010 State Court Action"), in which he asserted identical claims against the Commonwealth concerning his alleged wrongful conviction, and those claims were also dismissed.  Despite multiple attempts to resuscitate those prior claims—including the filing of multiple unsuccessful post-judgment motions, filing an untimely notice of appeal, and submitting post-judgment motions to amend his complaint—the 2010 State Court Action and 2020 State Court Action remain dismissed.

1

Plaintiff is now trying a new tactic to circumvent those dismissals by filing a new civil action asserting those same defective claims in federal court.  Plaintiff's Complaint should be dismissed because his claims are barred by the Eleventh Amendment, his claims are barred by *res judicata*, his claims are barred by the applicable statutes of limitations, and he fails to state a claim for relief under Chapter 258D.

## FACTUAL AND PROCEDURAL BACKGROUND

On March 10, 2010, Plaintiff filed the 2010 State Court Action, alleging that he was wrongfully convicted of arson in Roxbury District Court in 1998, and as a result, the Commonwealth was liable to him under the state's erroneous conviction law, Chapter 258D, and under a theory of negligence.  *See* Aff. of Eric A. Martignetti, Ex. A and Ex. B.  On December 9, 2010, the Court dismissed the 2010 State Court Action for failure to prosecute and entered judgment on behalf of the Commonwealth.  *See* C.A. No. 1084CV00977, Dkt. 36.

Almost ten years later, on February 10, 2020, Plaintiff filed the 2020 State Court Action, again asserting claims for wrongful conviction and negligence against the Commonwealth concerning his alleged arson conviction.  *See* Aff. of Eric A. Martignetti, Ex. A.  On July 15, 2020, in a margin order, the Court allowed the Commonwealth's Motion to Dismiss, and on July 20, the Court entered a Judgment on Motion to Dismiss for the Commonwealth and against Plaintiff.  *See* Aff. of Eric A. Martignetti, Ex. C and Ex. D.

## LEGAL STANDARD

To survive a jurisdictional challenge under Rule 12(b)(1), the party asserting jurisdiction bears the burden of demonstrating the existence of federal subject matter jurisdiction.  *See Skwira v. United States*, 344 F.3d 64, 71 (1st Cir. 2003).  This rule is a large umbrella, "overspreading a variety of different types of challenges to subject-matter jurisdiction,"

2

including considerations of mootness and the existence of federal question jurisdiction.  *Valentín v. Hospital Bella Vista*, 254 F.3d 358, 362-63 (1st Cir. 2001).  There are two types of Rule 12(b)(1) challenges, facial and factual.  If the motion does not dispute subject matter allegations, then it challenges only the facial sufficiency of the complaint.  *Torres–Negrón v. J & N Records, LLC*, 504 F.3d 151, 162 n.8 (1st Cir. 2007).  If the motion disputes the subject matter allegations, then it challenges the factual basis for subject matter jurisdiction.  *Id.*

"To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), the factual allegations in a complaint must 'possess enough heft' to set forth 'a plausible entitlement to relief.'"  *Gagliardi v. Sullivan*, 513 F.3d 301, 305 (1st Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007)).  "While *pro se* complaints are accorded an extra degree of solicitude . . . even a *pro se* plaintiff is required to set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory."  *Strahan v. AT&T Mobility LLC*, 270 F. Supp. 3d 535, 540 (D. Mass. 2017).  "A plaintiff, even one proceeding *pro se*, may not rely on bald assertions, periphrastic circumlocutions, unsubstantiated conclusions, and outright vituperation."  *Logie v. Mass. Bay Transp. Auth.*, 323 F. Supp. 3d 164, 172 (D. Mass. 2018).

Affirmative defenses, such as statute of limitations and *res judicata*, may be decided on a motion to dismiss pursuant to Rule 12(b)(6).  *Trans-Spec Truck Serv., Inc. v. Caterpillar Inc.*, 524 F.3d 315, 320 (1st Cir. 2008) (statute of limitations); *In re Colonial Mtge. Bankers Corp.*, 324 F.3d 12, 16 (1st Cir. 2003) (*res judicata*).  Also, "a court may look to matters of public record in deciding a Rule 12(b)(6) motion without converting the motion into one for summary judgment," "[a]nd a court ordinarily may treat documents from prior state court adjudications as public records."  *Boateng v. InterAmerican Univ., Inc.*, 210 F.3d 56, 60 (1st Cir. 2000).

**ARGUMENT**

**I.      Plaintiff's claims should be dismissed for lack of subject matter jurisdiction.**

**A.      Plaintiff's claims are barred by the Eleventh Amendment.**

"'[A] suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment.'"  *Davidson v. Howe*, 749 F.3d 21, 27 (1st Cir. 2014) (quoting *Edelman v. Jordan*, 415 U.S. 651, 663 (1974)).  "This is true whether the named defendant is the state itself or . . . a state official in her official capacity." *Davidson*, 749 F.3d at 27.  In this case, Plaintiff asserts various alleged violations of his civil rights, including false imprisonment in violation of Chapter 258D and his liberty interest under the Fourteenth Amendment, deprivation of an equal education opportunity, and housing discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment. Compl., p. 5-6.  Because Plaintiff alleges a violation of Chapter 258D and constitutional violations under 42 U.S.C. § 1983 for which he seeks monetary damages against the Commonwealth, *see* Compl., p. 7, his claims are barred by the Eleventh Amendment.

Plaintiff's claims also suffer from a fatal statutory flaw.  Plaintiff's sole basis for relief in this Court is 42 U.S.C. § 1983.  Section 1983 "supplies a private right of action against a person who, under color of state law, deprives another of rights secured by the Constitution or by federal law." *Frazier v. Fairhaven Sch. Comm.*, 276 F.3d 52, 57 (1st Cir. 2002) (internal quotations omitted).  However, it is well-established that states and their agencies cannot be sued as "persons" for purposes of Section 1983.  *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 & n. 10 (holding that suits against states or state officials acting in their official capacities are forbidden under Section 1983); *Canales v. Gatzunis*, 979 F. Supp. 2d 164, 171 (D. Mass. 2013) (dismissing Section 1983 claim against agency of the state).  This blackletter rule arises as a

result of the sovereign immunity principles of the Eleventh Amendment, which generally prohibits a state, or its agencies, from being subject to suit under Section 1983. *See Will*, 491 U.S. at 65-67. Accordingly, Plaintiff's claims are barred by the Eleventh Amendment for that reason as well.

> ### B.    A federal court has no jurisdiction under Chapter 258D.

Section 3 of Chapter 258D provides in pertinent part: "A civil action brought against the commonwealth under this chapter shall be brought in the county where the claimant was convicted or in Suffolk county. The superior court shall have exclusive jurisdiction of all such actions." G.L. c. 258D, § 3. In other words, Chapter 258D waives the Commonwealth's sovereign immunity only for claims to be brought in state court, not federal court. The Commonwealth retains its sovereign immunity in all other tribunals, including federal court. Because the Commonwealth has not consented to be sued in federal court under Chapter 258D, Plaintiff's claims must be dismissed for that reason as well.

## II.    Plaintiff's claims are also barred by *res judicata*.

"When a federal court considers the preclusive effect of an earlier state court judgment, it must apply that state's preclusion principles." *Goldstein v. Galvin*, 719 F.3d 16, 22 (1st Cir. 2013). Under Massachusetts law, three elements must be satisfied to trigger the application of *res judicata*: (1) "the parties to the prior and present actions must either be identical or in privity"; (2) "the causes of action must arise out of the same nucleus of operative fact"; and (3) "the prior action must have produced a final judgment on the merits." *Id.* at 23. "Under Massachusetts law, as elsewhere, a dismissal for failure to state a claim, under Mass. R. Civ. P. 12(b)(6), operates as a dismissal on the merits, see Mass. R. Civ. P. 41(b)(3), with *res judicata* effect." *Mestek, Inc. v. United Pac. Ins. Co.*, 40 Mass. App. Ct. 729, 731 (1996).

In this case, the three elements of *res judicata* are easily satisfied.  First, Plaintiff and the Commonwealth are identical parties in the 2020 State Court Action and in this action.  Second, Plaintiff's claims in the 2020 State Court Action arise out of the same nucleus of operative fact as his claims in this action, namely his alleged arson conviction.  Third, the 2020 State Court Action produced a final judgment on the merits because it was dismissed pursuant to Mass. R. Civ. P. 12(b)(6) on the Commonwealth's Motion to Dismiss, *see* Ex. C and Ex. D.  Accordingly, Plaintiff's claims are also barred by *res judicata*.

**III.    Plaintiff's claims are also barred by the applicable statutes of limitations.**

Plaintiff's claims under Chapter 258D and 42 U.S.C. § 1983 are barred by the relevant statutes of limitations.  Claims brought under Chapter 258D must be brought within three years of the claim's accrual.  *See* G.L. c. 258D, § 8 ("A claim for compensation brought under this chapter shall be commenced within 3 years after either the grant of a pardon or the grant of judicial relief and satisfaction of other conditions described in subsection (B) of section 1.").  Because 42 U.S.C. § 1983 contains no built-in statute of limitations, this Court must borrow from the Massachusetts limitation period governing personal injury actions, which is the three-year statute of limitations set forth in G.L. c. 260, § 2A.  *Nieves v. McSweeney*, 241 F.3d 46, 51 (1st Cir. 2001); G.L. c. 260, § 2A ("Except as otherwise provided, actions of tort, actions of contract to recover for personal injuries, and actions of replevin, shall be commenced only within three years next after the cause of action accrues.").

Plaintiff's prosecution for arson occurred in 1998, and he first litigated claims stemming from his alleged arson conviction in 2010.  Although Plaintiff does not specify in his Complaint precisely when his alleged conviction was allegedly vacated, this Court can infer that Plaintiff was aware of any claims he might have had for wrongful conviction or a violation of his civil

rights no later than 2010, when he first commenced litigation against the Commonwealth.  In other words, Plaintiff has been on notice of any claims he might have had concerning his alleged conviction for at least a decade, far longer than the applicable three-year statute of limitations for claims under G.L. c. 258D and 42 U.S.C. § 1983.  Accordingly, Plaintiff's claims are barred by the statute of limitations.

**IV.**     **Plaintiff also fails to state a claim for relief under Chapter 258D.**

Chapter 258D was enacted to provide compensation to certain individuals who can prove they were erroneously convicted of a felony.  *See* G.L. c. 258D, § 1.  Relief under Chapter 258D is strictly limited to individuals who satisfy the threshold jurisdictional eligibility criteria.  *See* G.L. c. 258D, § 1(B); *Irwin v. Commonwealth*, 465 Mass. 834, 839 (2013); *Drumgold v. Commonwealth*, 458 Mass. 367, 376-377 (2010); *Guzman v. Commonwealth*, 458 Mass. 354, 360-361 (2010); *Riley v. Commonwealth*, 82 Mass. App. Ct. 209, 211-212 (2012).  Specifically, Section 1(B) of the statute sets forth the eligibility requirements that a claimant must satisfy to be eligible for relief.  G.L. c. 258D, § 1(B).  Plaintiff does not satisfy these requirements.

Section 1(B) limits the class of potential claimants to those who can establish that they were "granted *judicial relief* by a state court of competent jurisdiction, on grounds which *tend to establish the innocence of the individual* . . . ."  G.L. c. 258D, § 1(B)(ii) (emphasis added).  "Innocence" is, in turn, defined as factual innocence, *i.e.* that the plaintiff "did not commit the crimes or crime charged in the indictment or complaint or any other felony arising out of or reasonably connected to the facts supporting the indictment or complaint, or any lesser included felony."  G.L. c. 258D, § 1(C)(vi).  In *Guzman*, the SJC made clear that the eligibility requirements of G.L. c. 258D are intended to perform a screening function and limit the class of persons entitled to pursue relief.  *Guzman*, 458 Mass. at 360.  In *Riley*, the Court further clarified

7

that "in order to pass the initial bar of G.L. c. 258D, § 1(B), 'the relief granted must be on grounds tending to do more than merely assist the defendant's chances of acquittal.'"  82 Mass. App. Ct. at 216 (2012) (quoting *Guzman*, 458 Mass. at 362)).  The threshold requirement—that the grounds for judicial relief reversing a conviction must "tend to establish the innocence of the individual"—was specifically designed to have "the effect of limiting the class of claimants to those who received judicial relief on grounds that directly implicate innocence."  *Guzman*, 458 Mass. at 358-359.

In this case, Plaintiff does not allege that his conviction was vacated on grounds tending to establish his actual innocence nor does he allege that he is actually innocent.  Although Plaintiff alleges that his "sentence was later vacated" in the proposed Amended Complaint filed in the 2010 State Court Action, *see* Ex. B, p. 3, he does not allege that "a state court of competent jurisdiction" vacated his conviction "on grounds which tend to establish [his] innocence."  G.L. c. 258D, § 1(B)(ii).  Further, he does not allege that he "did not commit the crimes or crime charged in the indictment or complaint or any other felony arising out of or reasonably connected to the facts supporting the indictment or complaint, or any lesser included felony."  G.L. c. 258D, § 1(C)(vi).  Also, Plaintiff has not attached to his Complaint in this action "certified copies of: the mittimus that shows [his] sentence to incarceration and . . . criminal case docket entries or documents related thereto in the case of judicial relief."  G.L. c 258D, § 1(D).  Accordingly, Plaintiff also fails to state a claim for relief under Chapter 258D.

## CONCLUSION

For the foregoing reasons, this Court should dismiss Plaintiff's Complaint against the Commonwealth.

COMMONWEALTH OF MASSACHUSETTS

By its Attorney,

MAURA HEALEY
ATTORNEY GENERAL


/s/ Eric A. Martignetti
Eric A. Martignetti, BBO # 678377
Assistant Attorney General
Government Bureau/Trial Division
One Ashburton Place, 18th Floor
Boston, MA 02108
617.963.2314
eric.martignetti@mass.gov

Date:   February 3, 2021

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified in the Notice of Electronic Filing (NEF) and electronic copies were sent by first-class mail to those indicated as non-registered participants on February 3, 2021.


/s/ Eric A. Martignetti
Eric A. Martignetti